**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS**

**UNITED STATES OF AMERICA**

v.                             4:09CR00103-01-WRW

**ROMALLICE RUTH**

## ORDER

Defendant was sentenced on July 2, 2009.[1] The Court held the issue of restitution in abeyance pending additional briefs from the parties. Those briefs have now been filed.[2]

Defendant pled guilty to one count of Access Device Fraud, a violation of 18 U.S.C. § 1029(a)(2). The amount of loss to the victim, Bank of America, was $8,400.00.[3] North Little Rock, Arkansas, police seized $2,180.00 from Defendant and $4,650.00 from Bowman Robin, who was charged only in State Court.[4] Two other individuals, Devairre Shanklin and Conrad White, were also arrested and charged only in state court, but no money was seized from either of them. After Defendant's sentencing, the money seized -- a total of $6,830.00 -- was returned to Bank of America.[5] The amount of restitution at issue is $1,570.00.

Defendant points out that, because this Court has no jurisdiction over Defendant's State court "co-defendants," this Court cannot order joint and several restitution with those

---

[1] Doc. No. 22.

[2] Doc. Nos. 25, 26.

[3] Doc. No. 25.

[4] *Id*.

[5] *Id*.

individuals. Defendant urges that the Court will not be able to accurately determine the amount of restitution Defendant should be ordered to pay until the charges against Robin, Shanklin, and White are resolved -- and asks the Court not to determine the amount of restitution until that time.

Bowman Robin and Conrad White are set for an omnibus hearing on September 18, 2009, and their jury trials are set for October 22, 2009.[6] The Court is unaware of Devairre Shanklin's plea status and trial date.

Restitution in this case is mandatory,[7] and restitution must be ordered within 90 days of sentencing.[8] It appears that Defendant's state court co-defendants' trial dates set are well beyond 90 days from Defendant's sentencing date. Because of the state court co-defendants' trial dates, holding the issue of restitution open until the co-defendants have been tried could deprive this Court of the authority to order any restitution.

The amount of the victim's loss after the seized money was returned -- $1,570.00 -- is undisputed. Restitution of $1,570.00 is mandatory. Accordingly, Defendant is ordered to pay restitution of $1,570.00 to Bank of America, Attn:  Nancy Hollis, 200 W. Capitol Avenue, Little Rock, AR, 72201, during incarceration and supervised release.  During incarceration, Defendant will pay 50 percent per month of all funds that are available to him.  During residential re-entry placement, payments will be reduced to 10 percent of Defendant's gross monthly income. Beginning the first month of supervised release, payments will be 10 percent per month of

---

[6] Doc. No. 25.

[7] 18 U.S.C. § 3663A.

[8] 18 U.S.C. § 3664(d)(5).

Defendant's monthly gross income. The interest requirement is waived. Restitution will be joint and several with any other person or persons who have been or will be convicted on an offense for which restitution to the same victim on the same loss is ordered.

     IT IS SO ORDERED this 12th day of August, 2009.

                                       /s/Wm. R. Wilson, Jr.
                                UNITED STATES DISTRICT JUDGE